UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONROE BANK & TRUST,

    Plaintiff,

vs                                               Case No: 07-12073
                                                   Honorable Victoria A. Roberts

JESSCO HOMES OF OHIO, LLC and
JEFFREY STAHL,

    Defendants.
_____/

## OPINION AND ORDER

**I.    BRIEF OVERVIEW OF CASE AND PROCEDURAL HISTORY**

Jessco Homes of Ohio, LLC ("Jessco of Ohio") is a newly-established company that builds homes. Jeffrey Stahl ("Stahl") is the managing member of Jessco of Ohio and Jessco, Inc., a company that builds homes in Charleston, South Carolina. Jon Leidel ("Leidel") is the project manager for Jessco of Ohio.

On April 5, 2006, Stahl agreed to purchase Woodland Villas Subdivision from Scott Prephan for $1,525,000.00. The Real Estate Purchase Agreement required Stahl to apply for a loan through Monroe Bank & Trust ("MB&T"). A loan committee at MB&T approved the loan on June 21, 2006.

On October 5, 2006, Stahl signed a General Durable Power of Attorney ("Power of Attorney") for the Commercial Promissory Note ("Note") and the Commercial Loan Guaranty ("Guaranty"). The Power of Attorney appointed Leidel attorney-in-fact for Stahl and Jessco of Ohio.

1

Leidel signed the loan closing documents on October 6, 2006. Leidel asked Larry Hofmann ("Hofmann"), MB&T's Vice President, questions before he signed the documents. Leidel says in response to his questions, Hofmann told him the loan did not contain an interest carry provision, and Stahl knew it was not there.

In November 2006, Stahl received an interest-payment invoice for $11,490.45. Stahl did not pay the invoice because he says he made it "crystal clear" to Hofmann that no interest was a vital part of the loan since Jessco of Ohio had limited cash flow. According to Stahl, Hofmann: (1) consistently assured him that the loan contained an interest carry provision; and (2) said the loan was approved with an interest carry provision.

On April 9, 2007, MB&T filed a Complaint against Jessco of Ohio and Stahl (collectively "Defendants") in Monroe Circuit Court. The Complaint alleges Jessco of Ohio breached the Note and Stahl breach the Guaranty.

Defendants removed the action to this Court on May 11, 2007. On May 14, 2007, Defendants filed three counterclaims for fraudulent misrepresentation, innocent misrepresentation, and rescission.

MB&T filed a motion for summary judgment on September 2, 2008. On January 29, 2009, the Court granted MB&T's motion on Defendants' counterclaim for innocent misrepresentation and denied MB&T's motion on: (1) its claims for breach of the Note and breach of the Guaranty; and (2) Defendants' counterclaims for fraudulent misrepresentation and rescission.

Before the Court is MB&T's "Motion for Reconsideration." (Doc. #35). MB&T asks the Court to reconsider the portion of the Order denying its motion for summary

judgment because the Court did not rule on the admissibility of Hofmann's alleged oral promise to include a no interest provision in the loan.

MB&T's motion for reconsideration is **DENIED**.

## II. STANDARD OF REVIEW

Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the Court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

## III. APPLICABLE LAW AND ANALYSIS

MB&T says the Court should reverse the decision to partially deny its motion for summary judgment because Defendants rely on inadmissible evidence to create a genuine issue of material fact. According to MB&T, Hofmann's alleged oral promise to include a no interest provision in the loan is inadmissible based on the statute of frauds and the parol evidence rule.

### A. Statute of Frauds

MB&T relies on MCLA §566.132(2)(a) and *Crown Tech. Park v. D&N Bank, FSB*, 242 Mich.App. 538 (2000) to support its argument that Defendants' counterclaims fail because they are based on an alleged oral promise.

MCLA §566.132(2)(a) prohibits Defendants from bringing a claim against MB&T, a financial institution, to enforce a promise to lend money, grant or extend credit, or make any other financial accommodation unless the promise is in writing and contains an authorized signature by the financial institution.  *See also Crown Tech. Park*, 242 Mich.App. at 550 (§566.132(2) "plainly states that a party is precluded from bringing a claim – no matter its label – against a financial institution to enforce the terms of an oral promise[.]").

Defendants did not bring claims against MB&T to enforce Hofmann's alleged oral promise to include a no interest provision in the loan.  Instead, Defendants seek to rescind the Note and Guaranty based on Hofmann's alleged fraudulent misrepresentation to Leidel that Stahl knew the loan did not contain an interest carry provision.

The statute of frauds does not apply, and the Court did not commit a palpable defect by not addressing this argument.

**B.     Parol Evidence Rule**

Generally, "[p]arol evidence of contract negotiations, or of prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous."  *Schmude Oil Co. v. Omar Operating Co.*, 184 Mich.App. 574, 580 (1990) (citing *Cent. Transport, Inc. v. Fruehauf Corp.*, 139 Mich.App. 536, 544 (1984)).

An exception to the general rule is when a party seeks to use parol evidence to prove the execution of a written document was procured by fraud and the entire document should be invalidated.  It is well established that parol evidence is admissible

in that situation. *People's Wayne County Bank of Dearborn v. Harvey*, 268 Mich. 47, 57 (1934) (citations omitted).

Here, Defendants do not seek to vary the terms of the Note or the Guaranty; they claim the Note and Guaranty should be invalidated because Hofmann's fraudulent misrepresentation that Stahl knew the loan did not contain an interest carry provision induced Leidel to sign the Note and Guaranty.

The parol evidence rule does not bar Stahl and Hofmann's negotiations regarding the terms of the loan nor Hofmann's alleged oral promise and/or representations that the loan would contain an interest carry provision.

## IV. CONCLUSION

MB&T's motion for reconsideration is **DENIED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 10, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 10, 2009.

s/Linda Vertriest
Deputy Clerk